WARD *against* STOREY.

By the statute    A JUDGMENT was docketted in this cause, in the
(sess.36. ch.67.
s. 5.) on the  Mayor's Court, on the 23d of *December,* 1816, and a *fieri*
death of a she-
riff, the powers *facias* thereon, delivered to *Ruggles Hubbard,* late sheriff
of the under
sheriff to act in
the name of the sheriff survive, for the benefit of the parties interested in the execution of the process,
delivered to the sheriff before his decease; and though the under sheriff is himself appointed she-
riff, he may proceed under the provision of the statute, as under sheriff.
    And where there were several judgments docketted at different times, on some of which execu-
tions were delivered to the old sheriff before his death, and executions on other judgments, prior as
to the time of docketting, were subsequently taken out and delivered to the new sheriff, who took
and sold the property of the defendant, under all the executions then in his hands, it was ordered
that the several plaintiffs should be paid out of the monies in the sheriff's hands, according to the
priority of their several judgments.

of the city and county, on the 27th of *December*, 1816. Judgments were subsequently docketed on different days, in nine other causes, against the same defendant, in this Court and in the Mayor's Court. Certain real estate of the defendant was regularly advertised for sale by the late sheriff, and sold under the executions. An injunction was obtained from the Court of Chancery, to restrain the sheriff from executing a conveyance of the estate; and before it was dissolved, the sheriff was superseded, and *Bell*, the present sheriff, who was the under sheriff, was appointed his successor. The late sheriff died soon afterwards, pending the injunction, and before any conveyance of the estate so sold. The respective plaintiffs in the several causes, and all the other parties interested, consented to waive their rights under the sale of the late sheriff; and that the real estate of the defendant should be re-sold by the present sheriff, who was advised, that having been appointed to the office of sheriff, he could not legally act in the capacity of under sheriff or deputy to his predecessor. New writs of *fieri facias*, in five of the causes, were delivered to the present sheriff, at different times, with notice to him of the former executions delivered to his predecessor, and claiming priority according to the times of docketing the respective judgments. The present sheriff advertised the property, under the first execution delivered to him, and which was upon a judgment docketed among the first in point of time. Afterwards, and before the day of sale, several other writs of *fieri facias* against the same defendant, entitled to priority to any of those above mentioned, were delivered to the present sheriff, who sold the real estate under all the executions then in his hands. Five of the executions in the ten causes above mentioned, were delivered to him before the sale, one of them on the day of sale, and one of them long after the sale; and in three of the causes, no new executions were delivered to the present sheriff. After satisfying the executions entitled to a priority over any of those in the ten causes above mentioned, there remained a balance of money in the hands of the sheriff, but not enough to pay all the said judgments. A question having arisen between the sheriff and

the plaintiffs in those judgments, whether the sheriff could pay off those on which no executions had been delivered to him; and if so, whether they were entitled to priority according to the times of docketing the respective judgments, or how otherwise, the points were, by mutual agreement, submitted to the Court for their decision.

*Per Curiam.* Though, at common law, the powers of the under sheriff cease, upon the death of the sheriff, yet by the statute, (1 *N. R. L.* 420. sess. 36. ch. 67. s. 5.) his power is continued for the benefit of all the parties interested. It is in the nature of a trust, and survives after the death of the sheriff. Mr. *Bell,* therefore, being under sheriff, might, notwithstanding he was appointed sheriff, in the place of the former sheriff, proceed to act as under sheriff, in the name of the deceased sheriff, by virtue of the provisions of the statute. We are of opinion, that the money remaining in the hands of the present sheriff, ought to be paid to the plaintiffs in the several judgments, in the order of their priority, according to the times of docketing the same, without any distinction, as to executions delivered to him in his new office, or as under sheriff.

Rule accordingly.